John Bynum Prosecuting Attorney P. O. Box 1587 Russellville, Arkansas 72801
Dear Mr. Bynum:
This is in response to the request for an opinion by Deputy Prosecuting Attorney James C. Mainard on the following question:
 Are `part time law enforcement officers' as defined in Ark. Stat. Ann. 42-1401(e) subject to the same requirements as those imposed upon `auxiliary law enforcement officers' as set out in 42-1404? In other words, may a part time officer act in an official capacity without being certified in accordance with the standard promulgated by the Commission or must they, like auxiliary deputies first completely satisfy the requirements as a predicate to acquiring the authority to make arrests, issue citations and perform other functions normally associated with certified officers?
It should be noted initially that Act 757 of 1983, which is codified at Ark. Stat. Ann. 42-1401 et seq., deals specifically with the standards and qualifications for auxiliary law enforcement officers. 42-1402(c) and 42-1404(d) contain the only reference to "part-time" officers, wherein it is stated that the training requirements for auxiliary officers shall not exceed those required for part-time officers. This indicates that the requirements established for part-time officers may differ from those applicable to auxiliary officers. I agree, moreover, with your reading of 42-1404 with respect to the absence of a probationary period. With the exception of the reference in 42-1404(c) to the one year period following the effective date of the Act, it is clear under 42-1402(h)(1) that the minimum training requirements established for auxiliary officers must be completed before they will be eligible for appointment.
Selection and training requirements for, inter alia, part-time officers are addressed in Act 452 of 1975, as amended by Act 642 of 1979, Act 763 of 1983, and Act 905 of 1983 (codified at Ark. Stat. Ann. 42-1001 et seq. (Cum. Sup. 1985)). The Arkansas Commission on Law Enforcement Standards and Training is given the power under 42-1005(c) to "(e)stablish minimum selection and training standards for admission to employment as a law enforcement officer. The standards may take into account different requirements for . . . full-time and part-time employment. . . . (Emphasis added.) Section 42-1007 states in pertinent part as follows:
 (a) At the earliest practicable time, the Executive Commission shall provide, by regulation, that no person shall be appointed as a law enforcement officer, except on a temporary basis not to exceed one (1) year, unless such person has satisfactorily completed a preparatory program of police training at a school approved by the Executive Commission. . . .
Moreover, 42-1009(a) provides that "a person who does not meet the standards and qualifications set forth in Act 452 . . . of 1975 or any made by the Executive Commission shall not take any official action as a police officer and any action taken shall be invalid. . . ." (Emphasis added.)
It is clear, therefore, based upon the foregoing, that a part-time officer cannot act in an official capacity without satisfying requirements set forth by the Commission, including satisfactory completion of a preparatory program of police training at a school approved by the Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: James C. Mainard, Esq. Deputy Prosecuting Attorney 110 W. Commercial Ozark, Arkansas 72949